JUSTINE PEARLSTROM, Respondent, *v.* JAMES GORDON BENNETT, Appellant.

(Argued June 8, 1882 ; decided June 20, 1882.)

*Theron G. Strong* for appellant.

*Edward Van Ness* for respondent.

Agree to affirm.   No opinion.
All concur, except TRACY, J., who dissents.
Judgment affirmed.

---

ANNA D. ANTHONY, Appellant, *v.* HENRY DAY et al., Respondents.

(Argued June 9, 1882; decided June 20, 1882.)

DECIDED on the facts.

*Cephas Brainerd* for appellant.

*F. B. Lord* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.

---

THE NATIONAL SHOE AND LEATHER BANK OF THE CITY OF NEW YORK, Respondent, *v.* MARTIN HERZ, Impleaded, etc., Appellant.

89 c 629<br>159   211<br>89 c 629<br>162   120

(Submitted June 9, 1882; decided June 20, 1882.)

THIS action was brought against defendant as alleged partners composing the firm of Martin Herz & Co., to recover the amount of four promissory notes indorsed in the name of that firm.

The opinion, which is given in full, states the material facts.

" Prior to the 15th day of September, 1875, the appellant and one Rosenberg composed the firm of Martin Herz & Co., and in that name carried on business in the city of New York. In its transaction they opened an account with the plaintiff, and in the course of it obtained discounts, made deposits, and drew checks, as is usual when the relation of banker and customer exists. On that day they dissolved partnership, but the business was continued in the same place by Rosenberg on his own account, but by consent of Herz, in the name of Martin Herz & Co. Notice of this dissolution was given through the newspapers, and ' mailed to persons who had been dealers with' the firm, and, among others, to the plaintiff. It was not received by it, however, and the referee finds they had no knowledge of the dissolution of the firm at the time they discounted the notes, which constitute the cause of action in this case.

" These notes were indorsed by Rosenberg in the firm name, and so discounted by the plaintiff at his request, but, as they supposed, for the benefit of the firm. Upon the question of notice there was evidence which, standing alone, would justify a finding favorable to the defendant. That of Rosenberg is to the point, but he is contradicted by the officers of the bank, to whom, as he says, notice was given, and there is other testimony from both sides. It was therefore conflicting, and the issue resting upon it is not for us to determine. (*Stevens* v. *The Mayor*, 84 N. Y. 297.) In the face of this finding the defense must fail. The plaintiff took the notes upon the credit of the indorsement, and because through earlier transactions, to which the appellant was a party, a confidence had been created in the character and solvency of the firm upon which they had a right to rely until notified of its dissolution. As to the plaintiff, therefore, the appellant must be deemed to have continued in the firm, and may be treated as a party to the contract of indorsement. The discount was in the usual course of business, and by the circumstances above adverted to is brought within the principle which permits one partner to bind his copartner in dealing under the firm name with one who had no knowledge of the dissolution of the firm.

"In *Ketcham and Black* v. *Clark* (6 J. R. 44), decided in 1810,

this rule is declared to have been frequently and solemnly laid down as part of the mercantile law of England, and its sanction by the courts of this State demanded by reasons of necessity and justice. It has since been so frequently applied. (*National Bk.* v. *Norton*, 1 Hill, 572; *Davis* v. *Allen*, 3 Comst. 168; *Austin* v. *Holland*, 69 N. Y. 571; 25 Am. Rep. 246), that it would be misspending time to reiterate the arguments on which it rests. It was properly applied by the referee. We find nothing in the case which made the proceedings in bankruptcy in the matter of Rosenberg relevant to any inquiry before the court. It follows that no error was committed by the referee, and that the judgment appealed from should be affirmed."

*J. P. Solomon* for appellant.

*George C. Lay, Jr.,* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.

---

IN THE MATTER OF THE PETITION OF MARTHA C. KUHNE, Respondent, *v.* HENRY DAILY, Jr., Appellant.

(Submitted June 13, 1882; decided June 20, 1882.)

*Henry Daily, Jr.,* appellant in person.

*A. H. Daily* for respondent.

Agree to dismiss appeal. No opinion.
All concur except TRACY, J., who does not vote.
Appeal dismissed.

---

HOWARD W. COATES et al., Executors, etc., Respondents, *v.* BENJAMIN P. FAIRCHILD et al.

LEOPOLD FRIEDMAN, Purchaser, etc., Appellant.

(Argued June 13, 1882; decided June 20, 1882.)